BROWN ET AL. *v.* FRETZKO.

[No. 17,250.   Filed October 23, 1944.]

*Anderson, Hicks & Anderson,* and *John W. Robinson,* all of Gary, for appellants.

*Edmund Roberts,* of Gary, for appellee.

DOWELL, C. J.—This appeal grows out of a lawsuit as the result of which appellee recovered a default judgment against the appellants in the Lake Superior Court, Room 4, Gary, Indiana, on March 22, 1932. Thereafter, on the 9th day of July, 1941, appellee brought another suit on this judgment in the City Court of Gary, Indiana, by simple pleading setting up the original judgment, that same was unpaid, etc., with the result that judgment was rendered on said original judgment. Appellant thereupon appealed to the Lake Superior Court where the cause was tried *de novo* with result as before, i.e., judgment for appellee.

. Appellants' contention, declared by way of answer and "cross-complaint," was that appellee was not the proper party in interest entitled to bring the original action which resulted in the judgment of March 22, 1932; that appellee's attorney agreed to abandon that lawsuit and that appellants, relying on that agreement and being lulled into inaction thereby, did not defend same and that they were defaulted without their knowledge and did not awaken to the fact that judgment by default had been taken against them until the second lawsuit was instituted some nine years later in the City Court of Gary; that they had a good and meritorious defense against the original cause of action and ought to be entitled to their day in court in order to present same, from which they had been precluded by mistake, inadvertence and surprise; that said original judgment was void and worthless and was procured by fraud on the appellants and on the court by reason of the facts aforementioned.

Appellee's demurrers and motions addressed to these pleadings were sustained on the grounds (a) that the pleadings sought to set aside a judgment of another court; (b) that the Gary City Court had no jurisdiction

to set aside a judgment of a court of general jurisdiction and that the Lake Superior Court could not acquire such jurisdiction in a cause appealed from that court, both courts, under the circumstances, being without original equitable jurisdiction; (c) that the pleadings were a collateral attack on the original judgment.

The cause thereupon went to trial upon the complaint and an answer of denial.

In appellee's brief it is suggested and made known to this court that while this cause was pending in the court below a new and independent action was begun in the Lake Superior Court by the appellants as plaintiffs wherein they sought directly to set aside the original judgment of March 22, 1932, on the same grounds as those attempted to be set up by way of answer and cross-complaint in the pending action, and to enjoin appellee from proceeding with the pending action. Judgment in the new action was rendered prior to judgment in the pending cause and was against appellants. No appeal has been taken from the judgment in the intervening action.

These matters, as stated, appear only in appellee's brief and are not a part of the record. However, in oral argument of this appeal, heard on Monday, October 16, 1944, at 2:00 P. M., the facts were again suggested and made known to this court by the attorney for appellee and were acknowledged and admitted to be true by the attorney for appellants.

Under the circumstances, therefore, questions raised herein are moot.

Judgment affirmed.

NOTE.—Reported in 57 N. E. (2d) 207.